IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STACY BLACKBURN,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)<br><br>Case No. 2:18-cv-0140-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's counsel's Amended Motion for Attorney Fees. (ECF No. 29.) Plaintiff's counsel moves the court for authorization of attorney fees for representation pursuant to 42 U.S.C. §406(b) in the amount of $14,967.50.[1] (ECF No. 29 p. 2.) This amount represents 25% of the past-due Social Security disability benefits awarded to Plaintiff "minus the amended amount of $7,200.00 paid to her attorney at the administrative level." (ECF No. 29 p. 2.) Defendant takes no position on the reasonableness of the fee request deferring to the court's discretion.

The Amended Motion was filed on April 11, 2023, and to date, Plaintiff has not opposed the request. Accordingly, the court grants the motion as set forth below.

Attorney fees under 42 U.S.C. §406(b) are awarded from the claimant's past-due benefits, they must be reasonable, and are capped at 25 percent of the total of the past-due benefits. 42 U.S.C. §406(b). In this case, the Social Security Administration awarded Plaintiff

---

[1] The court notes that Plaintiff's counsel makes a request for two different amounts in the motion. In the body of the motion, Plaintiff's counsel requests $14,967.50, but in the conclusion of the motion, the request is for $14,976.50. Plaintiff's counsel also uses the $14,976.50 amount in the reply memorandum. Defendant's response likewise uses both $14,976.50 and $14,967.50 in its memorandum. The mere difference of $9 is not material, but the court awards the smaller amount based on Plaintiff's counsel's use of it in the majority of the Amended Motion.

$88,670 in past-due benefits. (ECF No. 29 p. 2.) Counsel's request is less than 25% of the past-due benefits. Counsel has also agreed that the previously awarded EAJA fees in the amount of $4,500 will be returned to Plaintiff upon payment of the requested fee of $14,967.50.

The Supreme Court has stated that § 406(b) "calls for court review of [fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases," and to guard against windfalls for lawyers. *Gisbrechtt v. Barnhart,* 535 U.S. 789, 807-08 (2002). A § 406(b) determination "must begin with the contingent fee", then other items may be considered such as a "statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" or considerations relevant to the lodestar. *Russell v. Astrue*, 509 F. App'x 695, 697, 2013 WL 363478, at *2 (10th Cir. 2013).

There is not a bright line standard for exactly what amount is a reasonable fee. There is, however, some guidance from other courts in this jurisdiction. See *Gulbransen v. Colvin*, 2015 WL 1896559, at *2 (D. Utah Apr. 27, 2015) (granting fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable"); *Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir. 2013) (finding that the district court did not abuse its discretion when reducing a contingency-fee award because the total requested fee would amount to $611.53 per hour); *Gordon v. Astrue*, 361 F. App'x 933, 936 (10th Cir. 2010) (finding the district court did not abuse its discretion by reducing a contingency-fee award because it would have resulted in a high hourly rate, and instead entering an hourly rate of $300); *Scherffius v. Astrue,* 296 F. App'x 616, 620 (10th Cir. 2008) (finding that the district court did not abuse its discretion when determining that the "effective $442 hourly rate would be a windfall for obtaining a voluntarily remand in a substantively easy and routine case").

      Here, Plaintiff's Counsel seeks $14,967.50. This request is compliant with § 406(b)'s limit of 25% of past-due benefits. The court finds Plaintiff's Counsel's request reasonable based upon the work in this matter, and in comparison to other cases.

      Accordingly, Plaintiff's Counsel's motion is GRANTED.

      IT IS SO ORDERED.

      DATED this 8 May 2023.

_____
Dustin B. Pead
United States Magistrate Judge